### John Krichbaum, Appellee, v. Chicago City Railway Company and Chicago Railways Company. Chicago City Railway Company, Appellant.

### Gen. No. 22,024.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed June 27, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by John Krichbaum, plaintiff, against the Chicago City Railway Company and Chicago Railways Company, defendants, to recover for personal injuries. On motion of plaintiff the action was discontinued as to the latter defendant prior to the trial. From a judgment for plaintiff for $9,750, defendant Chicago City Railway Company appeals.

The following instruction was given at the request of plaintiff:

"The court instructs the jury that if you find for the plaintiff you will be required to determine the amount of the plaintiff's damages. To determine the amount of damages the plaintiff is entitled to recover in this case, if any, the jury have the right to and they should take into consideration all the facts and circumstances touching the plaintiff's physical injuries, if any, proximately resulting from the accident in question, so far as such injuries are proven by the evidence; his pain and suffering and disability, if any, resulting from such injuries, and such future pain and suffering and disability, if any, as the jury may believe from the evidence he will sustain by reason of such injuries: his loss of earnings, if any, proximately resulting from the said injuries, and such sums of money, if any, as he has necessarily expended or become liable for in and about endeavoring to be cured of said physical injuries, if any, but not more than

Krichbaum v. Chicago City Ry. Co. et al., 207 Ill. App. 44.

the usual, reasonable and customary price therefor; and the jury may find a verdict in favor of the plaintiff for such sum as in the judgment of the jury under the evidence and instructions of the court in this case will be a fair compensation for the damages the plaintiff has sustained or will sustain, if any, and the pain and suffering the plaintiff has sustained or will sustain, if any, as the direct and proximate result of the injuries, if any, the plaintiff received in the accident in question so far as such damages are claimed and proven on the trial to be the proximate result of the accident complained of; and the jury are instructed that it is not necessary for any witness to express an opinion as to the amount of such damages.''

FRANKLIN B. HUSSEY, and CHARLES LeROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

DANIEL L. MADDEN, for appellee.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 476*—*when evidence shows negligence of carrier and lack of negligence by passenger boarding car.* In an action to recover for personal injuries received in boarding a street car, evidence *held* sufficient to support a finding that defendant was quietly of negligence and that plaintiff was not guilty of contributory negligence.

2. PLEADING, § 9*—*when reference to "defendants" in declaration is immaterial.* Where, prior to the trial of an action against two defendants, an order is entered discontinuing as to one of them, it is immaterial that the declaration contains references to the "defendants," as such allegations necessarily refer to the remaining defendant.

3. PLEADING, § 356*—*what is effect of order permitting withdrawal of special plea.* The entry, on the motion of a defendant, of an order permitting it to withdraw a special plea constitutes an abandonment of the defense set up in such plea and an admission of the matter denied therein.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. PLEADING, § 355*—*what constitutes withdrawal of plea.* Where leave is asked and given to withdraw a plea, the withdrawal is thereby effected though the plea continues to be a part of the files in the cause.

5. PLEADING, § 354*—*when defendant estopped from relying on defense in plea assumed to be withdrawn.* A defendant which asks and obtains leave to withdraw a special plea, and proceeds to trial on the assumption that the plea was withdrawn, is estopped from thereafter relying upon that defense.

6. DAMAGES, § 207*—*when instruction on manner of determining is not erroneous.* In an action to recover for personal injuries, an instruction in the usual form as to the manner of determining the amount of plaintiff's damages, *held* not open to objection.

7. INSTRUCTIONS, § 20*—*what is proper cautionary instruction.* In an action to recover for personal injuries in which numerous instructions, some complicated and involved, had been given for defendant as to the law and facts necessary to be found to entitle plaintiff to recover, it is proper for the court to point out to the jury that the court did not intend to state an opinion as to what the facts were and to remind them that they were judges of the facts.